**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 96-41259

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JORGE LUIS ALVAREZ,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas

---

October 24, 1997

Before POLITZ, Chief Judge, BENAVIDES and PARKER, Circuit Judges.
ROBERT M. PARKER, Circuit Judge:

Appellant Jorge Luis Alvarez ("Alvarez") appeals his conviction and sentence for the sexual exploitation of minors, 18 U.S.C. § 2252.  We reverse.

**FACTS AND PROCEDURAL HISTORY**

Alvarez was indicted for possession of videotapes depicting, and produced with the use of, minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B).  After the district court denied his motion to suppress, Alvarez was tried before the court.  The parties stipulated to the evidence.  The

1

district court viewed the tapes and found Alvarez guilty. Alvarez was sentenced to 48 months confinement, three years of supervised release, a mandatory assessment of $50 and an order of "conditional restitution" of $5000.

Appellant Alvarez showed police officer Rodriguez of Mathis, Texas a video tape depicting a minor female exposing her breasts for about a second while Alvarez's voice is heard telling her how to pose. Alvarez also stated to Rodriguez that he had other similar tapes. Rodriguez reported the incident to Captain Gaitan and Police Chief Rios. Gaitan and Rios reported it, in turn, to Texas Ranger Rivera. Rivera briefly consulted an investigator with the district attorney's office. Together they looked up the definition of "sexual conduct" in the Texas Penal Code and concluded that the video tape depicted Sexual Performance of a Child under § 43.26(a) Tex. Penal Code. Rivera swore out an affidavit that he had received information that Alvarez had "produced a video tape that visually depicts a child younger than 18 years of age . . . who is engaging in sexual conduct." Based on the affidavit, the search warrant that is the subject of this appeal was issued.

## MOTION TO SUPPRESS

### a. Standard of review

Alvarez filed a motion to suppress the evidence seized in the search of his residence alleging, *inter alia*, that the affidavit supporting the search warrant contained a false statement made in reckless disregard of the truth and that the warrant itself was

2

unconstitutionally overbroad.  The district court denied the motion and Alvarez appeals that ruling.  Determinations of fact made by a district court in ruling on a motion to suppress are accepted unless the district judge's findings are clearly erroneous or influenced by an incorrect view of the law.  *United States v. Gonzales*, 79 F.3d 413, 419 (5th Cir.), *cert. denied*, 117 S. Ct. 183 (1996).  Questions of law are reviewed *do novo*.  *Id.*

**b. The validity of the affidavit**

The Fourth Amendment's exclusionary rule will not bar the admission of evidence obtained with a warrant later found to be invalid so long at the executing officers acted in reasonable reliance on the warrant.  *United States v. Leon,* 468 U.S. 897, 920, 104 S. Ct. 3405, 3418-19, 82 L. Ed. 2d 677 (1984).  However, if the warrant was issued in reliance on an affiant's deliberate or reckless material misstatement, the *Leon* good faith exception will not apply.  *Id.* 468 U.S. at 923, 104 S. Ct. at 3421.  The party attacking the warrant bears the burden of establishing by a preponderance of the evidence that the misrepresentation was made intentionally or with reckless disregard for the truth.  *United States v.* Namer, 680 F.2d 1088, 1094 (5th Cir. 1982).

If a search warrant affidavit contains a false, material statement made intentionally or with reckless disregard for the truth, the reviewing court must excise the offensive language from the affidavit and determine whether the remaining portion establishes probable cause.  *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978); *United States v. Namer*, 680

3

F.2d 1088, 1093 (5th Cir. 1982).  In the district court, Alvarez argued that the affiant's use of the term "sexual conduct" was a false, material statement, made with reckless disregard for the truth because exposing a female breast does not fall within the definition of "sexual conduct" in the Texas Penal Code.[1]  At the suppression hearing, Rivera testified that he believed that "breasts" were "genitals" and that the tape therefore satisfied the "lewd exhibition of the genitals" portion of the definition of "sexual conduct" in the Texas Penal Code.  After considering that testimony, the district court found that the statement was false and was necessary to the finding of probable cause, but nevertheless denied the motion to suppress because it concluded that the affiant's misstatement was "[a]t best . . . negligent." The affidavit contained another false statement, that is, it identified the police officer who had actually seen the video tape as Ruben Hernandez when the officer's name was Ruben Rodriguez. While clearly false, Alvarez does not contend that this misstatement was material.  On appeal, Alvarez challenges the district court's finding of negligence, and asks this court to find that the statement was made "with reckless disregard for the truth."

Alvarez argues that using the term "sexual conduct" instead of describing the actual act on the video tape was reckless because it

---

[1]Texas Penal Code § 43.25(a)(2) provides:
"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals.

4

prevented the judicial officer from determining the applicability of the term to the facts of this case, citing a Ninth Circuit case that approved a warrant in the face of a *Franks* challenge in part because "[t]he facts underlying the officer's [allegedly false] conclusions were set forth in the affidavit." *United States v. Burnes*, 816 F.2d 1354, 1358 (9th Cir. 1987). A determination by a neutral magistrate is a prerequisite to the sufficiency of an application for a warrant. *Johnson v. United States*, 333 U.S. 10, 68 S. Ct. 367, 92 L. Ed. 436 (1948).

> The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.

*Id.* 333 U.S. at 13-14, 68 S. Ct. at 369. Setting out the underlying facts in the affidavit provides some insurance against the kind of error which occurred here. While we decline to hold that the absence of such facts in the affidavit invariably converts negligence into recklessness for Fourth Amendment purposes, it is certainly one factor that must be considered in the analysis.

Next, Alvarez contends that recklessness should be inferred from the materiality of the statement and the circumstances surrounding the investigation. Both Alvarez and the Government cite *United States v. Namer*, 680 F.2d 1088 (5th Cir. 1982), in which this court held that a misstatement in a search warrant application was made in reckless disregard for the truth. In *Namer*, we considered both materiality and surrounding

5

circumstances, noting that the draftsmen were attorneys, experienced in prosecuting the type of case at issue, that there was no exigency or even a need for haste in a year-long investigation, that the prosecution hinged on a novel theory of criminal liability, and that the draftsmen understood the importance and the inaccuracy of the statement at issue. *Id.* at 1094. Based on these findings, the court concluded that the defendant had carried his burden and that the misrepresentation was made with reckless disregard for the truth. *Id*.

Applying the guidance of *Namer* to the facts of this case, we are convinced that the district court clearly erred in holding that the false statement was "at best negligent." First, Rivera was an experienced, highly trained law enforcement officer, serving for over 18 years, with two years as a Texas Ranger responsible for high profile crimes. Second, Rivera did not consult with any attorney. He read the Texas Penal Code section defining sexual conduct and discussed the case with the district attorney's investigator, who told him, "Go for it." The Justice of the Peace, before approving the search warrant, specifically asked Rivera if he had "gone through it with the D.A.'s office." Rivera told him that he had. Although not false, Rivera's representation may have left the impression that he had checked with an attorney who was familiar with the legal definition of sexual conduct, when that was not the case. In fact, much like the circumstances in *Namer*, the state prosecutor dismissed this case for insufficient evidence without ever presenting it to a grand jury. *See Namer*, 680 F.2d at

6

1092 n.9. Third, there is no evidence that there was any exigency that would have precluded Rivera from carefully setting out the facts upon which he based his conclusion that the tape in question depicted sexual conduct. Rodriguez had seen the tape on March 3, 1995. Rivera received the report on March 7th and presented the warrant application to the justice of the peace on March 8th. Rivera testified that he was not rushed in drafting the warrant and that he did not anticipate that there was any risk that the individuals who knew about the investigation would interfere with it.

The lack of exigency, Rivera's level of training and experience, his failure to consult with an attorney, his failure to disclose in the affidavit the facts underlying his conclusory statements, coupled with Rodriguez's statement that Alvarez claimed to have other similar tapes (there was no testimony that the other tapes were more explicit), and the fact that Rivera's only justification for proceeding with the warrant application was his testimony that he believed breasts were genitals, lead us to conclude that Rivera acted in reckless disregard for the truth. In the final analysis, we simply cannot accept the premise that an officer with Rivera's qualifications could in good faith believe that breasts are genitals. Or to say it in the context of the Texas statute, that the one second exposure of a young girl's breasts amount to a "lewd exhibition of the genitals."

**CONCLUSION**

7

Because the statement made with reckless disregard for the truth was necessary to the finding of probable cause in this case, the Fourth Amendment requires that the fruits of the search warrant be excluded from evidence. *Franks v. Delaware*, 438 U.S. 154, 156, 98 S. Ct. 2674, 2675, 57 L. Ed. 2d 667 (1978). We therefore reverse the district court's order denying Alvarez's motion to suppress the tapes and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.