IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50502
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

REYNALDO GARZA; J. GUADALUPE
GUTIERREZ-SANCHEZ; JUAN GUTIERREZ-GUTIERREZ,
also known as Carlos,

Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. A-98-CR-71-1-JN
--------------------
April 12, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Reynaldo Garza and J. Guadalupe Gutierrez-Sanchez challenge their convictions, and Juan Gutierrez-Gutierrez and Gutierrez-Sanchez challenge the sentences imposed upon them after judgment rendered pursuant to their jury-trial convictions for conspiracy to possess with intent to distribute illegal narcotics and for the substantive count of possession of cocaine with intent to distribute.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garza argues that the district court erred in denying his pre-trial motion to suppress evidence of marijuana seized from his residence in a search conducted pursuant to a warrant. Because Garza challenges the sufficiency of the affidavit underlying the warrant, and because the affidavit clearly contained sufficient detail from which a reasonable officer could rely on it, Garza must establish by a preponderance of the evidence that any misrepresentations in the warrant were made "intentionally or with reckless disregard for the truth." United States v. Alvarez, 127 F.3d 372, 373 (5th Cir. 1997). Garza failed to produce evidence to show bad faith by the affiants in securing the warrant, thus we conclude that the district court did not err in denying Garza's pre-trial motion to suppress evidence seized pursuant to a search warrant. See id.; see also United States v. Cherna, 184 F.3d 403, 407-08 (5th Cir.), petition for cert. filed, 68 USLW 3391 (Dec. 7, 1999).

Garza also argues that the district court abused its discretion at trial by overruling objections, made pursuant to FED. R. EVID. 403 and 404(b), to the admission of (1) testimony of Government informant Mark Edward Korn that the witness and Garza had previously been engaged in the drug business together; (2) Korn's testimony that Garza had been running drugs to Chicago; (3) Korn's testimony that Garza was working with a large drug cartel located in Mexico; (4) tape recorded conversations in which Garza stated that he had threatened a woman who stored drugs for him; (5) tape recorded conversations in which Garza described transporting large amounts of contraband; and (6) evidence that marijuana was

seized from Garza's residence after his arrest. The marijuana found at Garza's residence, testimony regarding the cartel with which he worked, and tape-recorded conversations regarding transportation of contraband and threats made against members of his organization were all relevant and intrinsic to the charges for which he was tried. See United States v. Cortinas, 142 F.3d 242, 248 (5th Cir. 1998); United States v. Maceo, 947 F.2d 1191, 1198-99 (5th Cir. 1991). Korn's testimony that Garza dealt drugs with Korn in the past, long before the events of the instant conspiracy, were relevant to show his confidential relationship with Korn. See United States v. Royal, 972 F.2d 643, 647 (5th Cir. 1992). To the extent the testimony concerned an extrinsic crime, it was nonetheless admissible as it was relevant to issues other than Garza's character, and its probative value outweighed its prejudicial effect. See United States v. Misher, 99 F.3d 664, 670 (5th Cir. 1996); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

The evidence, with all credibility determinations and reasonable inferences resolved in favor of the verdict, was sufficient to convict Gutierrez-Sanchez of both conspiracy and the substantive drug trafficking offense. See United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992). United States v. Resio-Trejo, 45 F.3d 907, 910 (5th Cir. 1995).

Gutierrez-Sanchez and Gutierrez-Gutierrez argue that the district court committed clear error in basing their sentences on 12 kilograms of cocaine instead of the two kilograms that the trial testimony revealed that they delivered. The Government argues that

the two men promised Garza that they would deliver an additional 10 kilograms of cocaine.  Neither Gutierrez-Sanchez nor Gutierrez-Gutierrez presented any evidence to contradict the evidence, testified to by Korn at trial and adopted by the Presentencing Report (PSR), that the two men promised to deliver additional cocaine to Garza.  See United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991)(defendants have burden of showing that information relied upon at sentencing is "materially untrue, inaccurate or unreliable").  As the delivery was interrupted only by the arrest of the defendants, Gutierrez-Sanchez and Gutierrez-Gutierrez were responsible for any undelivered cocaine.  See U.S.S.G. § 2D1.1, comment. (n. 12).  It was thus not clear error for the district court to hold Gutierrez-Sanchez and Gutierrez-Gutierrez responsible for more cocaine than that which they actually delivered.

We have not been able to find references in the transcript to the specific figure of 10 kilograms of cocaine, nor does the PSR explain how the 10 kilogram quantity was derived.  The trial testimony does, however, refer to Garza's expectation that Gutierrez-Gutierrez and Gutierrez-Sanchez were to have delivered 1,000 pounds of cocaine; the testimony also showed that Garza told Korn that his contacts were to bring him the additional cocaine -- an amount considerably greater than 10 kilograms.  Thus, the district court did not err in attributing an additional 10 kilograms of cocaine to Gutierrez-Sanchez and Gutierrez-Gutierrez.

AFFIRMED.