United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-40419
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID JOSEPH DEFFEBO, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:03-CR-8-1
--------------------

Before HIGGINBOTHAM, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Joseph Deffebo, Jr., appeals his conviction and sentence for conspiracy to manufacture and distribute methamphetamine, possession of a firearm by an unlawful user of a controlled substance, and maintaining a residence for the purpose of manufacturing, distributing, or using methamphetamine. He argues that (1) the district court erred in denying him relief under Franks v. Delaware, 438 U.S. 154 (1978); (2) the district court clearly erred in its application of U.S.S.G. §§ 2D1.1 (b)(5)(C),

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(c)(10) (2003); and (3) his sentence contravened <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). We affirm.

Our review of the record convinces us that Deffebo was not entitled to relief under <u>Franks</u> because the district court correctly found that any misstatements contained in the search warrant's supporting affidavit were the result of mere negligence on the part of the affiant-officer and were not made either intentionally or with reckless disregard for the truth. See <u>United States v. Alvarez</u>, 127 F.3d 372, 373 (5th Cir. 1997). Consequently, the good-faith exception to the exclusionary rule is applicable. See <u>id.</u>

We further hold that the six-gram quantity of methamphetamine attributed to Deffebo was supported by statements made during his co-defendant's presentence interview and Deffebo's post-arrest interview. Therefore, the district court's U.S.S.G. § 2D1.1(c)(10) finding did not constitute clear error. See <u>United States v. Infante</u>, 404 F.3d 376, 393-94 (5th Cir. 2005).

Similarly, the evidence also supported the district court's U.S.S.G. § 2D1.1(b)(5)(C) finding that Deffebo "created a substantial risk of harm to the life of a minor." The trial testimony of Felicia Pendergraft and Officer Thomas Moore established that Pendergraft and her minor child lived in the apartment adjacent to that of Deffebo in their duplex; that one morning Pendergraft awoke to an overwhelming smell of fingernail polish remover, which prompted her to remove her daughter from the

home; and that acetone, an ingredient in fingernail polish remover, is emitted during the highly volatile red-phosphorus method of methamphetamine manufacture. From this testimony, it can be inferred that Pendergraft's minor child was indeed present in the duplex during at least one of Deffebo's red-phosphorous-method cooks, thereby subjecting the child to a substantial risk of harm to life.

Finally, we note that post-Booker, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Therefore, Deffebo's contention that the district court was precluded from enhancing his sentence based on facts that had not been either admitted by him or found beyond a reasonable doubt by his jury is untenable.

AFFIRMED.