**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 28, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 05-60993

UNITED STATES OF AMERICA,

Plaintiffs - Appellee,

VERSUS

J.J. STREETMAN

Defendant -Appellant.

Appeal from the United States District Court
For the Northern District of Mississippi

Before JONES, Chief Judge, DAVIS and GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant J.J. Streetman entered a conditional guilty plea to a charge of possession of child

pornography, preserving his ability to appeal the district court's denial of his motion to suppress the

evidence on which his charge was based. Because we conclude that the district court did not err in

concluding that the warrant issued for the search was adequately supported by probable cause, we

affirm.

I.

The affidavit supporting the search warrant recites the following: In November 2002,

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Streetman and Madeline Caliguiro met over the internet. In the summer of 2003, Caliguiro and her eight-year-old daughter moved into Streetman's home in Corinth, Mississippi. Caliguiro discovered computer disks containing adult and child pornography in Streetman's home in late December 2003. Around the same time, Caliguiro learned that Streetman had molested her daughter. Caliguiro and her daughter moved out of the home in February 2004. Caliguiro took with her 24 diskettes and CDs that contained images of child pornography. On May 11, 2004 and June 1, 2004, FBI Special Agent Parmalee obtained the material from Caliguiro through the Warren County Sheriff's Office in Vicksburg, Mississippi.

FBI Special Agent Quarka sought and obtained a search warrant on June 9, 2004. The agents who conducted the search seized a computer, 111 computer disks, and nine CD ROM disks, which contained hundreds of pornographic images of children, some under the age of ten. Streetman filed a motion to suppress the evidence, which the district court denied. Streetman then entered a conditional guilty plea, preserving the suppression issue for appeal.

## II.

Streetman argues that the district court erred in denying his motion to suppress. In reviewing a district court's denial of a suppression motion, this court accepts the district court's factual findings unless they are clearly erroneous or influenced by an incorrect view of the law. United States v. Alvarez, 127 F.3d 372, 373 (5th Cir. 1997. Legal conclusions are reviewed *de novo*. Id. This court gives great deference to the magistrate's finding of probable cause. United States v. McKeever, 5 F.3d 863, 865 (5th Cir. 1993).

## III.

Streetman argues first that the district court erred because the information in the affidavit was

too stale to support a finding of probable cause. He notes that Caliguiro discovered the materials in December 2003 and removed them from Streetman's house in February 2004. It is not clear when Caliguiro contacted the sheriff or when the sheriff contacted the FBI, but Agent Parmalee received the first portion of the disks in May 2004. Streetman points to the six month delay between December and May to support his argument that the information the magistrate relied on was stale. Although generally information given to a magistrate in an application for a search warrant must be timely and probable cause must be found to exist at the time the warrant issues, courts demand less current information if the affidavit shows a longstanding, ongoing pattern of criminal activity and the evidence sought is of the sort that can be reasonably be expected to be kept for long periods of time in the place to be searched. McKeever, 5 F.3d at 866.

Because the crime charged in this case is possession of child pornography, it is difficult to establish an ongoing pattern of criminal activity. We agree with the district court however that it is reasonable in today's time to presume that if a person has a computer from December to February, that person will likely continue to have that computer into June. The affidavit submitted in support of the warrant stated that electronic files on computers can be stored for years and are retrievable months or years later even if the user has "deleted" them. At least one circuit has found that computer files are of a type that could be expected to be kept for long periods of time in the place to be searched. See United States v. Hay, 231 F.3d 630, 636 (9th Cir. 2000), cert. denied, 534 U.S. 858 (2001)(6 month delay between transmission of pornographic images and application for warrant).

Streetman also argues that the affidavit is lacking in that it fails to show a connection between Streetman, his computer and the pornography found by Caliguiro. A magistrate can use common sense when determining whether probable cause exists for the issuance of a search warrant. United

States v. Byrd, 31 F.3d 1329, 1340 (5th Cir. 1994), cert. denied, 514 U.S. 1052 (1995). The magistrate could reasonably conclude that the computer disks that were found in the room where Streetman maintained an office that housed his computer had been created or viewed on that computer.

IV.

Streetman also argues that the affidavit was deficient because it failed to address the informant's (Caliguiro's) reliability. Before the Supreme Court's decision in Illinois v. Gates, 462 U.S. 213 (1983), reviewing courts required that the warrant affidavit demonstrate both the informant's basis of knowledge and offer some indication of the informant's credibility or the reliability of the information offered. United States v. Blount, 123 F.3d 831, 836 (5th Cir. 1997)(en banc). In Gates, the Supreme Court observed that the "two-pronged" approach had become unduly rigid in its application, and reiterated that a simple "totality of the circumstances" test was appropriate for probable cause determinations. 462 U.S. at 230-231; United States v. Blount, 123 F.3d 831, 835 (5th Cir. 1997). "When an average citizen tenders information to the police, the police should be permitted to assume that they are dealing with a credible person in the absence of special circumstances suggesting that such might not be the case." Blount, 123 F.3d at 836.

The affidavit does contain some information that undermines Caliguiro's credibility, particularly the length of time between discovery of images and that defendant molested her daughter and the date she left his home and then reported the images to the police. However, the affidavit also includes other information supporting her credibility. Caliguiro lived in the defendants home, and gave information from her own knowledge including a description of the computer and its location in the house. She also corroborated her story by producing the computer disks that contained the

4

child pornography.  Under the totality of the circumstances, we agree with the district court that there is reasonable information in the affidavit to establish Caliguiro's reliability.

V.

For the foregoing reasons, we find that the district court did not err in denying Streetman's motion to suppress.

AFFIRMED.