# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-50741
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID SERRANO-VILLALOBOS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:08-CR-45-1

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

David Serrano-Villalobos (Serrano) appeals his conditional guilty-plea conviction for possession with intent to distribute less than 50 kilograms of marijuana. Serrano reserved the right to appeal the district court's denial of his motions to suppress. In reviewing the denial of a motion to suppress, the district court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo. *United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2005). We "view the evidence in the light most favorable to the party prevailing below." *Id.* "The determination that the facts provided reasonable suspicion or probable cause is reviewed de novo." *Id.* at 430.

Serrano avers that the district court erred by denying his motion to suppress evidence obtained following a traffic stop because the Border Patrol agent who stopped the vehicle lacked reasonable suspicion. "A border patrol agent conducting a roving patrol may make a temporary investigative stop of a vehicle only if the agent is aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicle's occupant is engaged in criminal activity." *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001). In assessing whether the stop was supported by reasonable suspicion, we consider the totality of the circumstances in light of the factors set forth in *United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975). *Id.*

The fact that the agent observed the vehicle exiting from a ranch that borders the Rio Grande "contributes significantly" to the reasonableness of the agent's suspicion. *See United States v. Nichols,* 142 F.3d 857, 867 (5th Cir. 1998). The agent, who had worked in the particular area for more than four years, also testified that the ranch was located in a "high traffic" area, that numerous seizures of aliens and narcotics had occurred in this area, and that he had made arrests in that particular area. These factors weigh in favor of reasonable suspicion. *See Jacquinot*, 258 F.3d at 428-30. The agent also testified that he had seen only the ranch owner on the property, and he did not recognize this particular vehicle or its occupants; the deviation from the usual traffic pattern the agent had observed weighs in favor of reasonable suspicion. *See id.* at 429. A consideration of the totality of the circumstances demonstrates that the agent's stop was based on reasonable suspicion. *See id.* at 430.

Serrano also argues that the affidavit supporting the search warrant contained deliberate misstatements and omitted relevant facts. In reviewing the

denial of a motion to suppress based on a search warrant, we first determine whether a "good-faith" exception to the exclusionary rule applies. *See United States v. Cavazos,* 288 F.3d 706, 709 (5th Cir. 2002). If the good-faith exception applies, this court's analysis concludes and the district court's denial of suppression will be affirmed. *Id.*

Although Serrano has pointed out inconsistencies between the supporting affidavit and other sources of information, he has not shown that the purported misstatements were made intentionally or with reckless disregard for the truth or that any of the omitted information was dispositive. *See United States v. Alvarez,* 127 F.3d 372, 373 (5th Cir. 1997); *United States v. Davis,* 226 F.3d 346, 351 (5th Cir. 2000). Therefore, the good-faith exception applies. *See Cavazos,* 288 F.3d at 709.

AFFIRMED.