# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-40545
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HARRISON JACK HAVENS, JR

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-CR-36-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Harrison Jack Havens, Jr., was convicted in a bench trial of one count of transporting and shipping child pornography and of four counts of possession of child pornography. He was sentenced to one 210-month term of imprisonment and to four concurrent 120-month terms. Havens now appeals his convictions and his sentences.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Havens was initially indicted in state court on charges of possession of child pornography. The charges were based on evidence seized at Havens's residence during execution of a search warrant. The state trial court granted Havens's motion to suppress evidence, and Havens was subsequently indicted on federal charges, which were also based on the evidence obtained pursuant to the search warrant.

Havens argues that the district court erred in overruling his motion to dismiss the indictment. Relying on *Elkins v. United States*, 364 U.S. 206 (1960), he contends that evidence seized during execution of the search warrant cannot be used against him in a federal prosecution because a state court has determined that such evidence was obtained in violation of state law. Havens misunderstands *Elkins*, which rejected the "silver platter" doctrine and held that a federal agent may not prosecute a defendant by using evidence obtained by state officers in violation of the federal Constitution. *See Elkins*, 364 U.S. at 223-24. This court has refused to extend the *Elkins* principle to evidence obtained in violation of a state statute or constitution. *See United States v. Eastland*, 989 F.2d 760, 765-66 (5th Cir. 1993). Havens has not shown that the district court erred in overruling his motion to dismiss the indictment.

Next, Havens argues that the district court erred in denying his motion to suppress. He contends that the district court should not have applied the good-faith exception to the warrant requirement because the affidavit supporting the search warrant contained deliberate or reckless misstatements regarding the issuance of a "Grand Jury subpoena."

The good-faith exception to the exclusionary rule provides that "evidence obtained by officers in objectively reasonable good-faith reliance upon a search warrant is admissible, even though the affidavit on which the warrant was based was insufficient to establish probable cause." *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992). If the warrant was issued in reliance on a

deliberate or reckless material misstatement, the good-faith exception will not apply. *United States v. Alvarez*, 127 F.3d 372, 373 (5th Cir. 1997).

The evidence shows that the affiant, a law enforcement officer with four years experience, issued the "Grand Jury subpoena" to America Online (AOL), with whom Havens had an email account, in cooperation with an attorney in the Texas Attorney General's Office. Viewing the evidence in the light most favorable to the prevailing party, *see United States v. Laury*, 985 F.2d 1293, 1314 (5th Cir. 1993), we cannot conclude that the district court clearly erred in its determination that the affiant did not deliberately or recklessly mislead the magistrate. *See United States v. Alvarez*, 127 F.3d 372, 373-75. Moreover, the challenged statements, which concern the issuance of the subpoena to AOL, were not material to the magistrate's probable cause determination. *See United States v. Namer*, 680 F.2d 1088, 1094 (5th Cir. 1982). In view of the foregoing, Havens has not shown that the district court erred in applying the good faith exception.

Finally, Havens argues that the district court erred by imposing a five-level enhancement under to U.S.S.G. § 2G2.2(b)(7)(D) based on the number of images of child pornography he possessed. He notes that there was evidence at trial that some of the images he possessed were duplicates.

Here, the Presentence Report (PSR) stated that Havens possessed eight videos, which count as 75 images each, and 337 still images, for a total of 937 images. *See* § 2G2.2(b)(7)(D), comment. (n.4(B)). It is the defendant's burden to rebut the information contained in the PSR. *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002). "Mere objections do not suffice as competent rebuttal evidence." *Id.* (quotations and citation omitted). Havens did not come forward with any evidence at sentencing. He has not shown error on the part of the district court.

AFFIRMED.