# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 09-20015

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 9, 2010

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMOND MAYES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-399-ALL

Before REAVLEY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Raymond Mayes was convicted by a jury of possession with intent to distribute more than five grams of cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm after being convicted of a felony. Mayes appeals the district court's denial of his pretrial motion to suppress. He argues that the search warrant that enabled officers to collect inculpatory evidence and effectuate his arrest was not supported by probable cause because the warrant affidavit consisted primarily of material

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the drafting officer copied from an earlier affidavit in an unrelated case. He also argues that we should extend our supervisory powers and order suppression as a sanction for the misconduct of the drafting officer.

In reviewing a district court's denial of a motion to suppress, this court first determines whether the evidence at issue was obtained by law enforcement officials acting in objectively reasonable good-faith reliance upon a search warrant. *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997). If the good-faith exception applies, our inquiry ends, and the district court's judgment must be affirmed. *United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004) (citations omitted). However, if the exception does not apply, we must determine whether there was a substantial basis for finding probable cause. *Id.* We review findings of fact made by a district court on a motion to suppress for clear error and the district court's legal conclusions de novo, viewing the evidence in the light most favorable to the prevailing party. *See United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001).

Mayes argues that the good-faith exception does not apply in this case because the drafting officer deliberately falsified or recklessly disregarded the truth necessary to the finding of probable cause by cutting-and-pasting from an unrelated affidavit. Mayes is correct that the good-faith exception is not applicable if the warrant contains a false statement that was made intentionally or with reckless disregard for the truth. *See United States v. Pope*, 467 F.3d 912, 916–17 (5th Cir. 2006); *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006). However, while there is evidence that the affidavit in this case may have been copied recklessly from an earlier affidavit, the record also contains credible evidence that the facts recited in the affidavit reflect events that actually occurred and which established probable cause. Moreover, to the extent that the affidavit contains unverified statements that were carelessly copied from a prior affidavit, the removal of those statements is without consequence; the remaining evidence in the affidavit adequa1tely establishes the necessary probable cause

for the issuance of a search warrant. *See United States v. Cavazos*, 288 F.3d 706, 710 (5th Cir. 2002)*; United States v. Alvarez*, 127 F.3d 372, 374 (5th Cir. 1997) (citing *Franks v. Delaware*, 483 U.S. 154 (1978)).

Thus, Mayes has failed to establish that the district court erred in denying his motion to suppress. He also has not shown that this case involves rare and particularly egregious circumstances that might prompt this court to exercise its supervisory powers and order suppression even though the warrant application, removed of any false information, demonstrates probable cause. *Cf. United States v. Hasting*, 461 U.S. 499, 506–07 (1983) (suggesting that supervisory powers should be used sparingly); *see also Herring v. United States*, 129 S. Ct. 695, 702–04 (2009) (reviewing the type of flagrant or systemically negligent conduct that warrants use of exclusionary rule for deterrence purposes). Accordingly, the district court's order is AFFIRMED.