# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 4, 2011

Lyle W. Cayce
Clerk

No. 10-40720
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO LOZANO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CR-825-1

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ramiro Lozano appeals his conviction for two counts of persuading a minor to engage in sexually explicit conduct. Lozano argues that the district court erred in denying his motion to suppress the evidence obtained pursuant to a search warrant because the supporting affidavit was insufficient to support application of the good-faith exception to the exclusionary rule and was insufficient to establish probable cause. Lozano contends that the affidavit was bare bones and did not contain sufficient facts and circumstances from which a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

magistrate could determine probable cause. He also contends that the affiant provided misleading information.

We review factual findings on a motion to suppress for clear error and legal determinations de novo. *United States v. Chavez*, 281 F.3d 479, 483 (5th Cir. 2002). The good-faith exception to the exclusionary rule provides that if law enforcement officials act in objectively reasonable good-faith reliance upon a search warrant the evidence obtained pursuant to the warrant is admissible even if the affidavit on which the warrant was grounded was insufficient to establish probable cause. *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997). However, the good-faith exception does not apply if the underlying affidavit is bare bones or the affiant provided misleading information. *United Stats v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006). A bare bones affidavit is one that contains "wholly conclusional statements [ ] which lack the facts and circumstances from which a magistrate can independently determine probable cause." *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992). In reviewing whether there is sufficient information to support a warrant, we examine the totality of the circumstances. *United States v. Fisher*, 22 F.3d 574, 578 (5th Cir. 1994).

The information in the affidavit supporting the challenged warrant provided facts sufficient for a determination of probable cause. The affiant detailed the circumstances of Lozano's arrest and described relevant items in his possession giving rise to probable cause. Specifically, the affidavit noted that Lozano was found in possession of school identification cards. He was also in possession of numerous adult pornographic films, photographs of school-aged children, and at least one photograph depicting an individual with exposed genitals.

Additionally, the record does not support a finding that the affiant misled the magistrate. No statement in the affidavit is deliberately untruthful or made with a reckless disregard for the truth. *See United States v. Alvarez*, 127 F.3d

372, 373 (5th Cir. 1997). Moreover, the affiant brought the evidence referenced in the affidavit to the magistrate for viewing purposes. This conduct does not evidence an intent to mislead.

Because the affidavit was not misleading and provided detailed information from which a determination of probable cause could be made, the district court did not err in concluding that the good-faith exception to the exclusionary rule applied. *See Shugart*, 117 F.3d at 844. Therefore, we do not consider whether the affidavit presented sufficient evidence to establish probable cause. *See United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999). The judgment of the district court is AFFIRMED.