# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50925
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR JOSE CALZADA, also known as Omar J. Calzada,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CR-642-2

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Pursuant to a conditional plea, Defendant-Appellant Omar Jose Calzada pleaded guilty to an indictment charging him with conspiring to manufacture a controlled substance involving 100 or more marijuana plants. In that plea agreement, Calzada reserved the right to appeal the district court's denial of his motion to suppress evidence. As he did before the district court, Calzada contends on appeal that the only support for the search warrant was a bare

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bones affidavit that presented misleading information to the magistrate judge. Calzada insists that, as a result, the district court erred in applying the good faith exception to the exclusionary rule.

Our review of the affidavit and the record as a whole compels the conclusion that Calzada has failed to make a showing that Detective Chad Culp made false or misleading statements which in turn misled the magistrate judge to sign the search warrant. *See United States v. Alvarez*, 127 F.3d 372, 373 (5th Cir. 1997). Culp's affidavit is far from wholly conclusional and thus does not constitute a bare bones affidavit. *See United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992). Rather, the affidavit details Culp's investigation of the Dancing Brook residence from start to finish. Based on the totality of the circumstances, we conclude that the district court did not err in determining that the good faith exception was applicable. *See United States v. Fisher*, 22 F.3d 574, 578 (5th Cir. 1994). Thus, we need not consider whether the magistrate judge who issued the warrant had a substantial basis for concluding that probable cause existed. *See United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010).

AFFIRMED.