# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 24, 2022

Lyle W. Cayce
Clerk

No. 21-50411
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRANK HERBERT HILL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CR-351-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Frank Herbert Hill entered a conditional guilty plea to possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to 50 months of imprisonment. On appeal, Hill argues that the district court erred in denying his motion to suppress because

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

the search warrant affidavit used to obtain the initial search warrant falsely misquoted an informant.

To determine whether a seizure conducted pursuant to a search warrant violated the Fourth Amendment, this court conducts a two-part inquiry. *United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010). The court first determines "whether the seizure falls within the good-faith exception to the exclusionary rule." *Id.*; *see United States v. Leon*, 468 U.S. 897, 920–21 (1984). If the good-faith exception does not apply, this court "determines whether the magistrate issuing the warrant had a substantial basis for believing there was probable cause for the search." *Allen*, 625 F.3d at 835 (internal quotation marks and citation omitted).

Under the good-faith exception, "[t]he Fourth Amendment's exclusionary rule will not bar the admission of evidence obtained with a warrant later found to be invalid so long as the executing officers acted in reasonable reliance on the warrant." *United States v. Alvarez*, 127 F.3d 372, 373 (5th Cir. 1997) (citing *Leon*, 468 U.S. at 920). This court has articulated four situations where the good-faith exception does not apply, including "when the issuing magistrate was misled by information in an affidavit that the affiant knew or reasonably should have known was false." *United States v. Woerner*, 709 F.3d 527, 534 (5th Cir. 2013). Accordingly, a search warrant is void "if the defendant shows by a preponderance of the evidence that the affidavit supporting the warrant contained a false statement made intentionally or with reckless disregard for the truth and, after setting aside the false statement, the affidavit's remaining content is insufficient to establish probable cause." *United States v. Ortega*, 854 F.3d 818, 826 (5th Cir. 2017); *see Franks v. Delaware*, 438 U.S. 154, 160 (1978).

Contrary to Hill's assertions, the search warrant affidavit did not misrepresent the informant's level of certainty. While one sentence of the

No. 21-50411

detective's affidavit misquoted the informant, when read in its entirety, the affidavit states that the informant saw Hill bury something in his backyard and that the informant believed the item to be stolen car keys. The affidavit does not state that the informant was positive that he saw Hill bury stolen car keys, as Hill claims. Because Hill did not establish that the alleged false statement was made intentionally or with reckless disregard for the truth, the district court did not clearly err in denying his motion to suppress. *See Ortega*, 854 F.3d at 826–27.

Accordingly, the judgment of the district court is AFFIRMED.