IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50025
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO ORONA-HERRERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(P-00-CR-250-1)
--------------------
October 15, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Antonio Orona-Herrera appeals his conviction, based on a conditional guilty plea, for importing marijuana into the United States and possessing with the intent to distribute marijuana. Orona contends that the district court erred in denying his motion to suppress evidence obtained from the warrantless searches of: (1) an area of brush on a residential lot containing a mobile home at which he was an overnight guest and (2) bags found in the brush area.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The "standard of review for a motion to suppress based on live testimony at a suppression hearing is to accept the trial court's factual findings unless clearly erroneous or influenced by an incorrect view of the law."  United States v. Alvarez, 6 F.3d 287, 289 (5th Cir. 1993).  We view the evidence in the light most favorable to the prevailing party and will not question the district court's credibility calls.  United States v. Garza, 118 F.3d 278, 282-83 (5th Cir. 1997).  We review questions of law de novo, however, including whether an expectation of privacy is reasonable under the circumstances and whether the district court's ultimate conclusions of Fourth Amendment reasonableness are correct.  United States v. Paige, 136 F.3d 1012, 1017 (5th Cir. 1998).

"The [Fourth] Amendment protects persons against unreasonable searches of "'their persons [and] houses'" and thus indicates that the Fourth Amendment is a personal right that must be invoked by an individual."  Minnesota v. Carter, 525 U.S. 83, 88 (1998).  "[T]o claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable . . . ."  Id.  "An overnight guest in a house ha[s] the sort of expectation of privacy that the Fourth Amendment protects."  Id. at 89.

The Fourth Amendment protects the privacy of the home, but an individual who is entitled to claim that protection may not legitimately demand privacy for activities conducted in open areas out of doors, such as fields or woods, except in the immediate

2

vicinity of the home.  <u>Oliver v. United States</u>, 466 U.S. 170, 176, 178 (1984).  This limited additional area of protection, the "curtilage", comprises the zone that a person reasonably may expect to be treated as the home itself.  <u>United States v. Thomas</u>, 120 F.3d 564, 571 (5th Cir. 1997).  In determining whether an area outside the home is curtilage, we consider: (1) the proximity of the area to the home; (2) whether the area is within an enclosure surrounding the home; (3) the nature of the uses to which the area is put, and (4) the steps taken by the resident to protect the area from outside observation.  <u>Id.</u>

In the instant case, the brush area was 20 to 30 feet away from the mobile home; was not within any enclosure surrounding the mobile home; was not put to use for normal living activities but instead was used for hiding things; and only rudimentary steps were taken to protect the area from outside observation.  When viewed in light of these factors, Orona's efforts to establish that the brush area was so intimately tied to the mobile home that it should be placed under the home's umbrella of Fourth Amendment protection for curtilage are unavailing.  <u>See</u> <u>Thomas</u>, 120 F.3d at 571; <u>United States v. McKeever</u>, 5 F.3d 863, 867 (5th Cir. 1993); <u>United States v. Dunn</u>, 480 U.S. 294, 297, 302-03 (1987).  The district court's judgment is

AFFIRMED.

3