**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 16, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40008
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRUMAN JACKSON, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CR-203-1
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Truman Jackson, Jr., appeals his conviction for possession
with intent to distribute cocaine base. Jackson argues that the
district court erred in denying his motion to dismiss the
indictment for violation of the Speedy Trial Act and in denying
his motion to suppress. He also contends that the evidence was
insufficient to support his conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Jackson asserts that the Government did not file a timely response to his motion for identification of the Government's informant and that it was not clear whether a hearing was required on this motion. Based on these facts, he argues that the time until this motion was decided was not excludable under the Speedy Trial Act. The district court held a hearing and decided the motion within 30 days of receiving the parties' submissions. Therefore, the time during which the motion was pending was excludable, and the Speedy Trial Act was not violated. See Henderson v. United States, 476 U.S. 321, 330 (1986); United States v. Calle, 120 F.3d 43, 45 (5th Cir. 1997).

To the extent that Jackson has adequately briefed the issue of the denial of his motion to suppress, he has not shown that the district court erred in denying this motion. See United States v. Pena-Rodriquez, 110 F.3d 1120, 1129-30 (5th Cir. 1997). Even assuming, *arguendo*, that the wooded area in which the majority of the cocaine base was found was not within the curtilage of the residence, this does not establish error. See United States v. McKeever, 5 F.3d 863, 867-68 (5th Cir. 1993).

Jackson argues that the evidence was insufficient to establish his knowing possession of the drugs found outside of his residence. Because he did not renew his motion for acquittal at either the close of all evidence or in a post-trial motion, we review only to determine whether there has been a manifest miscarriage of justice. United States v. McIntosh, 280 F.3d 479,

483 (5th Cir. 2002).  We find none, as the evidence presented at trial was not so tenuous that a conviction would be shocking. See United States v. Carreon-Palacio, 267 F.3d 381, 389 (5th Cir. 2001).

AFFIRMED.