United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-51110
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ANTONIO ESQUIVEL-RANGEL,
also known as Juan Antonio Esquivel,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-03-CR-140-ALL
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Esquivel-Rangel entered a conditional guilty

plea to counts 1, 2, and 3, of an indictment charging him with

aiding and abetting the possession of cocaine and marijuana with

intent to distribute and with aiding and abetting the possession

of a firearm in connection with a drug-trafficking crime.

Esquivel contends that the district court should have suppressed

evidence obtained during a search of his residence because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

search was pursuant to a warrant supported by a facially invalid affidavit. We review this issue de novo. United States v. Cavazos, 288 F.3d 706, 709 (5th Cir.), cert. denied, 537 U.S. 910 (2002).

"Evidence obtained by officers in objectively reasonable good-faith reliance upon a search warrant is admissible, even though the affidavit on which the warrant was based was insufficient to establish probable cause." United States v. Cisneros, 112 F.3d 1272, 1278 (5th Cir. 1997) (internal brackets and quotation marks omitted). "An officer may rely in good faith on the validity of a warrant so long as the warrant is supported by more than a 'bare bones affidavit.'" Id. (internal quotation marks omitted); see United States v. Leon, 468 U.S. 897, 920 (1984). "An affidavit is 'bare bones' if it is so deficient in demonstrating probable cause that it renders an officer's belief in [the existence of probable cause] completely unreasonable." Cisneros, 112 F.3d at 1278.

Most of the information in the affidavit was provided by an informant and involved an admission by the informant of his own involvement in drug trafficking. Esquivel contends that the information provided by the informant was not sufficiently corroborated. The fact that information provided by an informant was against his own penal interests provides "substantial corroboration." See United States v. McKeever, 5 F.3d 863, 865 (5th Cir. 1993); see also United States v. Harris, 403 U.S. 573,

583-84 (1971). The facts and circumstances described in the affidavit were sufficiently detailed. It would not have been completely unreasonable for the agents executing the warrant to conclude that the search warrant was supported by probable cause. See Cisneros, 112 F.3d at 1278. The district court did not err in refusing to exclude the evidence under the good-faith exception to the exclusionary rule.

Esquivel argues also that the search warrant was not supported by probable cause. Because the district court did not err in refusing to exclude the evidence under the good-faith exception to the exclusionary rule, we do not reach this issue. See Cavazos, 288 F.3d at 709. The judgment is

AFFIRMED.