**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-50919
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KENNETH WAYNE LEWIS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-70-ALL

Before KING, GARWOOD and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Kenneth Wayne Lewis was convicted of possession with intent to distribute at least five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). Lewis challenges the district court's denial of his motion to suppress and the sufficiency of the evidence to support his conviction.

Lewis argues that the magistrate judge could not determine from the affidavit in support of the search warrant whether or not the information from the confidential informant or about the controlled buys was stale and, thus,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

could not find probable cause to issue a search warrant for his apartment. He argues that the search warrant was in this respect so lacking in probable cause that no reasonable officer could have relied on it in good faith.

The Government argues that Lewis waived review of this issue by not raising it in his motion to suppress. Our review of the record shows that Lewis did not raise this specific argument in his motion to suppress, nor did the district court (or the government below) address any such issue (nor does Lewis raise on appeal the only issue he raised in his motion to suppress below). Accordingly, Lewis has waived this issue for appeal. *See United States v. Pope*, 467 F.3d 912, 917-20 (5th Cir. 2006); *see also United States v. Chavez-Valencia*, 116 F.3d 127, 129 (5th Cir. 1997).

Even if we were to regard Lewis's argument as merely *forfeited* rather than *waived*, and hence reviewable for "plain error", rather than not being reviewable on appeal at all, we would find no "plain error."[1] *See Pope* at 919, n.20; *United States v. Maldonado,* 42 F.3d 906 (5th Cir. 1995) at 912 n.9 (government did not contend issue was not raised below) , 912-13 (reviewing for plain error); *Chavez-Valencia* at 130-31 (where motion to suppress not filed below, challenge to vehicle stop is waived and cannot be considered on appeal); *United States v. Carreon-Palacio*, 267 F.3d 381, 389 (5th Cir. 2001) (particular issue not raised below in connection with suppression claim not considered on appeal because not raised below); *United States v. Baker*, 538 F.3d 324 (5th Cir. 2008) at 328-29 (not resolving whether waiver or forfeiture controls as to arguments not raised in a motion to suppress but in any event holding any error was not plain); *United States v. Harrelson*, 705 F.2d 733, 738 (5th Cir. 1983) ("Failure to move pre-trial for suppression, or to assert a particular ground in the suppression motion, operates as a waiver unless the district court grants

---

[1]The government argues, alternatively to its waiver argument, that the district court did not err in overruling the motion to suppress.

relief for good cause shown"). *See also United States v. Mena*, 248 F.3d 1138 (5th Cir. 2001) (unpublished), 2001 WL 85818 (apparently applying waiver, rather than forfeiture, and noting that in *Maldonado* the government did not assert that the issue was not raised below).

As we said in *Maldonado,* "we must be mindful to give sufficient weight to the 'plain' element of plain error analysis," which requires that the error be "'clear' or 'obvious'," *id*. at 912 n.10, to such an extent that the error is "so conspicuous that the trial judge and prosecutor were derelict in countenancing" it despite the lack of defense assistance in detecting the particular deficiency. *Id*. at 912, quoting *United States v. Calverley*, 37 F.3d 160, 163 (5th Cir. 1994) (en banc).

Lewis's claim (not raised below) is that the affidavit of the searching officer, the only basis on which the warrant was issued, does not state sufficient facts to allow the magistrate to determine whether or not the underlying information relied on was stale, and for *that* reason does not support the issuing magistrate's determination of probable cause, with the result that the fruits of the search must be suppressed. However, under *United States v. Leon*, 104 S.Ct. 3405 (1984), evidence is normally not suppressed where the search is made in good faith reliance on a warrant, "even though the affidavit on which the warrant was based was insufficient to establish probable cause" and "[i]ssuance of a warrant by a magistrate normally suffices to establish good faith on the part of law enforcement officers who conduct a search pursuant to the warrant." *United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988). There are some four or five exceptions to this rule, *id*., the principal one of which relied on by Lewis is where the search is pursuant to "a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, at 3421 (internal quotation marks and citation omitted).

Here the affidavit states that the affiant is and has been for some eighteen years a Waco police officer and is assigned to the Drug Enforcement Section and includes the following:

> "Information received from the confidential informant was that the confidential informant was in the suspected premises within the last 72 hours. The informant has seen Kenneth Wayne Lewis in possession of crack cocaine at the suspected premises. . . . During the course of this investigation Affiant has made several controlled buys of crack cocaine from Kenneth Lewis at the suspected premises. On all controlled buys the suspected substance was tested by Affiant using a field test kit, supplied by Waco Police department. This substance did test positive for presence of cocaine. On at least one of those occasions Kenneth Lewis went to the suspected vehicle to distribute the crack cocaine. Affiant found that the suspected vehicle is registered to Kenneth Lewis at the suspected premises. Affiant also found that the water service at the suspected premises is in Kenneth Lewis name."

The "suspected vehicle" is defined in the affidavit as "a black 2008 Chevrolet pickup" with Texas license plate 15P-YB5 (and a specified "vin" number).[2]

The affidavit concludes by stating:

> "Based on all the foregoing facts, Affiant believes that there exists probable cause to believe that Kenneth Wayne Lewis, are [sic] knowingly and intentionally in possession of a controlled substance to wit: Cocaine at the premises described above and that . . . there further exists probable cause to believe that the items described above [cocaine and related paraphernalia and records] are being concealed at the suspected premises and on the curtilage and on the persons [sic] of Kenneth Wayne Lewis."

Given that deference is owed to the magistrate's determination of probable cause, *United States v. McKeever*, 5 F.3d 863, 865 (5th Cir. 1993), that search warrant affidavits are "normally drafted by nonlawyers in the midst and haste of a criminal investigation" and must be read "in a commonsense and realistic

---

[2]The "suspected premises" is defined in the affidavit as the single residence garage apartment at 2905A Lyle, Waco. The affidavit also includes information as to the reliability, based on past experience, of the informant and the informant's ability to identify crack cocaine.

fashion," *United States v. Ventresca*, 85 S.Ct. 741, 746 (1965), and given further that the issue we now address is *not* whether the affidavit *is* sufficient to establish probable cause, nor *even* whether it is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" under *Leon*, but is rather whether the district court's failure to hold that the affidavit is so lacking is not simply error but is "*plain*" error, we reject Lewis's complaint on appeal as to the search.

We observe that a common sense reading of the affidavit suggests that it was within seventy-two hours prior to execution of the affidavit on November 6, 2007, that the informant had seen Lewis in possession of cocaine at the suspected premises. Moreover, that the *affiant* made several controlled buys at the premises suggests an ongoing illegal activity as to which a greater length of time is generally allowed prior to staleness. *See, e.g., United States v. Tucker*, 638 F.2d 1292, 1299 (5th Cir. 1981); *McKeever* at 866; *Craig* at 822-23 & n.7. And, the affidavit also reflects that on one of the controlled buys Lewis got the cocaine from the *2008* model Chevrolet pickup, which makes it highly likely that that controlled buy occurred not earlier than sometime in October 2007. Further, the affidavit says there is probable cause to believe that cocaine, and drug records and paraphernalia, "are" – i.e. – now – being concealed on the premises, and there is nothing in the affidavit to indicate that the information therein *is* stale. *See United States v. Thomas*, 973 F.2d 1152, 1157 (5th Cir. 1992), citing *United States v. Smith*, 783 F.2d 648, 652 (6th Cir. 1986). We accordingly conclude that the district court did not plainly err in failing to suppress the search evidence on the ground that the warrant was based on an affidavit that did not state sufficient facts to show that the information on which

it relied was not stale and, for that reason, was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.[3]

Lewis preserved for appeal his argument that the evidence was insufficient to prove the "knowing" and "possession" elements of the offense of conviction. *See United States v. Floyd*, 343 F.3d 363, 370 (5th Cir. 2003); FED. R. CRIM. P. 29(a). The Government presented, inter alia, the following evidence at trial. Lewis was the only one to pay rent on the apartment on Lyle Street and paid it consistently; he was the only person seen at the apartment (except possibly one or two plumbers on a service call); bills, drivers' licenses, and vehicles were in his name at the Lyle Street address; and numerous items of Lewis's personal property were found in the apartment with the drugs. This evidence, viewed in the light most favorable to the guilty verdict, was sufficient for the jury to infer that Lewis constructively and knowingly possessed the drugs. *See United States v. Hinojosa*, 349 F.3d 200, 204 (5th Cir. 2003); *United States v. Onick*, 889 F.2d 1425, 1430 (5th Cir. 1989).

AFFIRMED

---

[3]Lewis also seems to argue that in the affidavit the affiant intentionally, or recklessly, misled the magistrate about staleness. There is absolutely no evidence to support this, and the evidence at trial shows the investigation began in September or October 2007 and that the information recited in the warrant was *not* stale. We also reject Lewis's contention that the *Leon* good faith rule does not apply where the warrant affiant participates in its execution.