**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-10019
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JIMMY STEELE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-87-ALL

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jimmy Steele appeals his conviction for possession with intent to distribute 500 grams or more of cocaine, possession of a firearm in furtherance of a drug trafficking offense, and possession of a firearm by a convicted felon. Steele argues that the district court erred by denying his motion to suppress evidence seized following the traffic stop and search of his vehicle that led to his arrest.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Steele argues that the police did not have reasonable suspicion to make the initial stop of his vehicle for a traffic offense. He asserts that the basis for the traffic stop was not clear and that the Government did not cite to any provision from the Texas Transportation Code that he allegedly violated.

Because Steele did not challenge the initial stop of his vehicle for a traffic violation in the district court, we review this issue for plain error. *See United States v. De Jesus-Batres*, 410 F.3d 154, 158 (5th Cir. 2005). To show plain error, Steele must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The undisputed evidence presented in the district court showed that Steele's vehicle had an expired license plate. The expired license plate was a traffic violation that justified the initial traffic stop. *See* TEX. TRANSP. CODE § 502.407. That Officer Cary Walker, the officer who stopped Steele, did not recite the specific section of the Texas Transportation Code that Steele violated did not make the stop invalid; so long as there was an objective reason to make the stop, "the initial stop passes constitutional muster." *United States v. Lopez-Moreno*, 420 F.3d 420, 432 (5th Cir. 2005). The district court did not commit error, plain or otherwise, by ruling that the initial stop of Steele's vehicle did not violate the Fourth Amendment.

Steele argues that even if the initial stop of his vehicle was justified, the subsequent search of his vehicle and the compartment under the carpet in the trunk of his vehicle violated the Fourth Amendment. He maintains that the police did not have probable cause to believe that there was contraband in his vehicle because the information provided by the informant did not have sufficient indicia of reliability and was not sufficiently corroborated by the police.

2

He contends that instead of basing his actions upon specific and articulable facts, Officer Jake White, the officer who instructed Officer Walker to stop and search Steele's vehicle, based the search of his vehicle on a hunch as Officer White stated over the police radio. Steele further asserts that the search of his vehicle was not justifiable based upon the traffic stop because the search of the trunk of the vehicle was not related to the issue of whether the vehicle had an expired license plate. He argues that pursuant to the Supreme Court's opinion in *Arizona v. Gant*, 129 S. Ct. 1710 (2009), the search of his vehicle was not a legal search pursuant to an arrest because he had been secured in Officer Walker's vehicle prior to the search.

"The automobile exception to the Fourth Amendment's warrant requirement permits authorities to search a vehicle when they have probable cause to believe it contains contraband." *United States v. Saucedo-Munoz*, 307 F.3d 344, 351 (5th Cir. 2002). "The probable cause necessary for a warrantless search is to be determined by the same standard as that for issuance of a warrant." *United States v. Barbin*, 743 F.2d 256, 259 (5th Cir. 1984). Whether probable cause exists requires a "practical, common-sense" determination of whether the circumstances, including information obtained from an informant, establish "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Reyes*, 792 F.2d 536, 539 (5th Cir. 1986) (internal quotation marks and citation omitted).

Although the informant in this case was a first-time informant, she earned Officer White's trust by identifying multiple drug dealers that Officer White already knew. In addition, the informant admitted to purchasing cocaine from Steele, an admission against penal interest. Both of these factors added to the informant's credibility. *See id.*; *United States v. McKeever*, 5 F.3d 863, 865 (5th Cir. 1993).

The informant provided substantial details regarding Steele, including his first name, the make and color of his vehicle, a vague physical description, the

type of drug he sold, and where he kept the drugs in his vehicle. She subsequently arranged to purchase cocaine from Steele, and she told Officer White the location where the transaction was supposed to occur. She informed Officer White that Steele would be attending a wake prior to making the transaction. The informant later told Officer White that Steele had called her and told her that he was on his way to the location where the transaction was to occur.

Officer White and other officers independently confirmed some of the information given by the informant. By engaging in surveillance at a funeral home and a church, Officer White and other officers spotted a vehicle matching the description given by the informant that was driven by one or more individuals matching the vague physical description given by the informant to a funeral home and a church that had activity ongoing that was consistent with a wake. At approximately the same time the informant told Officer White that Steele was on his way, Officer White observed Steele's vehicle leave the church parking lot. Officer White then followed Steele's vehicle for several miles to make certain it was traveling in the direction of the location where the transaction was to occur before instructing Officer Walker to initiate the traffic stop.

The detail of the information given by the informant, the real time updates given by the informant, and the corroboration of the information by Officer White were sufficient to establish probable cause that Steele's vehicle contained contraband. *See United States v. Adams*, No. 93-8290, 1995 WL 581896 at *2-*3 (5th Cir. Sept. 22, 1995) (unpublished), *vacated on other grounds*, 517 U.S. 1184, 1184 (1996), *reinstated in part*, 1996 WL 481272 at *1 n.1 (5th Cir. Aug. 12, 1996) (unpublished); *Reyes*, 792 F.2d at 539-40; *see also* 5TH CIR. R. 47.5.3 (unpublished opinions prior to January 1, 1996, are precedential). As the police had probable cause to search Steele's vehicle for contraband, they had probable cause to search the compartment under the carpet in the trunk of the vehicle.

*See United States v. Ross*, 456 U.S. 798, 825 (1982). While Officer White stated that he was acting on a hunch during the early part of the surveillance of Steele, this is immaterial as probable cause is based upon objective factors, and the subjective belief of the police officer regarding whether he has probable cause is irrelevant to the determination. *See United States v. Cooper*, 949 F.2d 737, 744-45 (5th Cir. 1991). Contrary to Steele's assertion, the Supreme Court's recent ruling in *Gant* is inapplicable to the present case as the Court specifically limited its ruling to searches pursuant to an arrest, and the Court did not modify the standards regarding searches pursuant to the automobile exception. *See* 129 S. Ct. at 1721. As the search of Steele's vehicle was authorized under the automobile exception, we need not determine whether the search was authorized for any other reason. Steele has not shown that the district court erred by denying his motion to suppress.

AFFIRMED.