COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| ALBERTO SALOME, | § | No. 08-12-00256-CR |
| Appellant, | § | Appeal from the |
| v. | § | Criminal District Court No. 1 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20110D01082) |
|  | § |  |

## O P I N I O N

Alberto Salome appeals his conviction for possession of less than a gram of cocaine. In two issues, Appellant contends (1) the trial court erred in failing to grant his motion to suppress because an initial traffic stop leading to the cocaine's eventual discovery was unsupported by credible evidence of reasonable suspicion, and (2) the trial court abused its discretion in excluding certain relevant evidence attacking the credibility of a police witness whose testimony underpinned the probable cause finding. We affirm.

## BACKGROUND

At the suppression hearing, El Paso County Deputy Sheriff Jesse Anchondo testified that on February 21, 2011, at 2:50 a.m., he and his partner observed Appellant's vehicle stopped at a stop sign in front of his patrol car at an intersection in San Elizario. Deputy Anchondo noticed

that Appellant's license plates had expired on December 11, 2010. Deputy Anchondo could see the expiration date on Appellant's license plate with the headlights from his patrol vehicle, and he flashed his spotlight at the license plate to get a better look and verify the plate was expired. The sheriff's deputies then initiated a traffic stop. Appellant's car smelled of alcohol, and Appellant admitted to having consumed alcohol. He failed several standard field sobriety tests and was arrested for driving while intoxicated. During a search of Appellant's person incident to arrest, sheriff's deputies found a bag containing white powder later determined to be cocaine.

### *Procedural History*

The State indicted Appellant for possessing a controlled substance. At the suppression hearing, Appellant testified that at the time of the stop, the license plate was covered by two separate layers of translucent plastic, making it difficult to read the expiration date. Appellant also took pictures of the license plate as it appeared when he retrieved his car from impound. A private investigator also testified and took pictures of various license plates at a distance of ten to twelve feet during daylight hours to demonstrate the difficulty of reading expiration dates from that distance. The trial court admitted the State's exhibits depicting the license plate, but denied admission of Appellant's exhibits also depicting the license plate or other license plates. The trial court made explicit remarks at the conclusion of evidence indicating that it found Deputy Anchondo to be credible and denied suppression. Appellant subsequently pleaded guilty to the offense and was sentenced for 45 days' in jail.

### DISCUSSION
### *Suppression*

In Issue One, Appellant argues that the trial court abused its discretion in determining that Deputy Anchondo's testimony that he could read the license plate expiration date at night from a distance was credible. We disagree.

The standard of review in a motion to suppress case varies based on whether the appellant is challenging the trial court's legal reasoning, the fact-findings underpinning its decision, or both. *State v. Mendoza*, 365 S.W.3d 666, 669-70 (Tex.Crim.App. 2012); *Flores v. State*, 299 S.W.3d 843, 850 (Tex.App.--El Paso 2009, pet. ref'd). Where suppression turns on a question of law and not an assessment of witness credibility, we review the trial court's ruling *de novo*. *Id*.; *Mendoza*, 365 S.W.3d at 669. Where the existence of reasonable suspicion or probable cause hinges solely on whether witness testimony establishing predicate facts is credible, we review the trial court's credibility determination for abuse of discretion. *Flores*, 299 S.W.3d at 850; *Mendoza*, 365 S.W.3d at 669. Where both legal and credibility questions are present, we first review credibility determinations for abuse of discretion, then analyze reasonable suspicion or probable cause *de novo*. *Flores*, 299 S.W.3d at 850; *Mendoza*, 365 S.W.3d at 669-70. Here, because driving with expired license plates constitutes a traffic offense justifying a stop, *see* TEX.TRANSP.CODE ANN. § 502.407 (West Supp. 2013); *United States v. Steele*, 353 Fed.Appx. 908, 909 (5th Cir. 2009), Issue One hinges solely on a credibility determination. We review the trial court's determination of credibility for abuse of discretion, recognizing that we must view the evidence in the light most favorable to the ruling absent filed findings of fact and normally grant the trial court great deference in issues of witness credibility and demeanor. *See Mendoza*, 365 S.W.3d at 669; *State v. Ross*, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000).

The trial record indicates that Appellant provided general testimony about the visibility of the license plate expiration date aimed at contradicting Deputy Anchondo's testimony that he could see the date from his patrol unit. The trial court as fact finder has the power to resolve conflicting evidence and believe all, some, or none of the testimony, contradicted or otherwise.

3

*State v. Elias*, No. No. 08-08-00085-CR, 2012 WL 4392245, at *5 (Tex.App.--El Paso Sept. 26, 2012, pet. ref'd)(not designated for publication). "[A]n appellate court should not reverse a trial judge whose ruling was within the zone of reasonable disagreement" and "not reached in an arbitrary or capricious manner." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990). Here, the issue falls squarely within the zone of reasonable disagreement, and a reasonable view of the record show that it could have been possible for Deputy Anchondo to see the license plate expiration date prior to the stop. *See Calderon v. State*, No. 08-08-00257-CR, 2010 WL 658651, at *2 (Tex.App.--El Paso Feb. 24, 2010, no pet.)(not designated for publication)(reversal required where "no reasonable view of the record could support the trial court's conclusion"). The trial court also noted that it found Deputy Anchondo to be a very credible witness and it was free to credit and weigh his testimony accordingly. *See Elias*, 2012 WL 4392245, at *5. The trial court did not abuse its discretion.

Issue One is overruled.

### *Exclusion of Evidence*

In Issue Two, Appellant maintains the trial court abused its discretion by excluding several photographs showing that the date on the license plate is difficult to read from a distance, even in daylight, due to layers of protective film covering the plate. The State counters that the photographs were taken from a distance and show the plate under different conditions than those at the time of the stop, rendering the photos' exclusion a matter entirely within the trial court's discretion. We agree.

We review the trial court's decision to exclude evidence for abuse of discretion. *Torres v. State*, 71 S.W.3d 758, 760 (Tex.Crim.App. 2002); *see also Hayes v. State*, 85 S.W.3d 809, 815 (Tex.Crim.App. 2002)("The admissibility of a photograph is within the sound discretion of the

trial court."). "The trial court's decision will not be disturbed on appeal unless it falls outside the zone of reasonable disagreement." *Hayes*, 85 S.W.3d at 815. Evidence is relevant and admissible if it "ha[s] any tendency to make the existence of any [consequential] fact . . . more probable or less probable than it would be without the evidence." TEX.R.EVID. 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX.R.EVID. 403.

Here, Exhibits 5 through 12 could all be excluded in an exercise of the trial court's discretion. Several of Appellant's exhibits either depicted the same license plate already depicted from various angles by the State's exhibits that were admitted, and pictures of other parts of the car unnecessary to the case's determination. As such, the trial court was justified in excluding them as irrelevant or cumulative under TEX.R.EVID. 401 and 403. Likewise, the trial court did not abuse its discretion in finding that the private investigator's photographs of other license plates from a distance of ten to twelve feet could not pass the relevancy threshold.

Issue Two is overruled. We affirm Appellant's conviction.


April 16, 2014

                                    YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

5