# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31121
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KERRY D. GAYFIELD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:13-CR-269

Before KING, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kerry D. Gayfield pleaded guilty to possession of a firearm by a convicted felon, possession with intent to distribute marijuana, and possession of a firearm in relation to drug trafficking. Gayfield reserved the right to appeal the adverse ruling on his motion to suppress evidence. When reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo, viewing the evidence in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

light most favorable to the prevailing party, in this case, the Government. *United States v. Allen*, 625 F.3d 830, 834 (5th Cir. 2010); *United States v. Cherna*, 184 F.3d 403, 406 (5th Cir. 1999).

Gayfield argues that the evidence seized from his home should have been suppressed because the search warrant affidavit was so lacking in indicia of probable cause as to be a "bare bones" affidavit. More specifically, he maintains that the affidavit failed to establish the veracity and reliability of the informant who provided the information forming the factual basis of the affidavit.

We engage in a two-step inquiry when reviewing a district court's denial of a defendant's motion to suppress when a search warrant is involved. *Allen*, 625 F.3d at 835. We determine first whether the good-faith exception to the exclusionary rule applies and, second, whether the official who issued the warrant had a substantial basis for concluding that probable cause existed. *Id.* If the good-faith exception applies, then no further analysis is conducted, and the district court's denial of the motion to suppress will be affirmed. *Id.* The good-faith exception does not apply if the underlying affidavit supporting the warrant is a "bare bones" affidavit, *i.e.*, it so lacks indicia of probable cause that reliance on it is entirely unreasonable. *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006). Whether an affidavit is a bare bones affidavit is determined under a totality of the circumstances. *United States v. Fisher*, 22 F.3d 574, 578 (5th Cir. 1994).

The affidavit in this matter is not bare bones or conclusional. The investigating detective encountered the informant shortly after he purchased marijuana from Gayfield. The informant identified Gayfield's address and recalled seeing a large amount of marijuana in the house. Officers later discovered the purchased marijuana hidden in the vent of the informant's

No. 14-31121

vehicle.  The informant also informed police that Gayfield carried a weapon on his person.  Finally, the informant's admission that he purchased marijuana was a statement against penal interest given that the detective was unaware of that sale when he stopped the informant, and the statement is thus given some weight in favor of the informant's reliability.  *See United States v. McKeever*, 5 F.3d 863, 865 (5th Cir. 1993); *United States v. Martin*, 615 F.2d 318, 325-26 (5th Cir. 1980).  In light of a sufficiently detailed affidavit that reasonably warranted reliance by the officers, the district court did not err in determining that the good-faith exception is applicable here.  *See Allen*, 625 F.3d at 834-35; *Fisher*, 22 F.3d at 578.  Because the good-faith exception is applicable, we need not consider whether there was a substantial basis for concluding that probable cause existed.  *See Allen*, 625 F.3d at 835.

Gayfield also contends that in light of the illegal search and seizure, his two custodial statements to officers should be suppressed under the "fruit of the poisonous tree" doctrine.  Having determined that the officers did not conduct an illegal search or seizure, we find no error in the district's court refusal to suppress the statements as "fruits of the poisonous tree."  *See Oregon v. Elstad*, 470 U.S. 298, 306 (1985); *Brown v. Illinois*, 422 U.S. 590, 602-03 (1975).

In light of the foregoing, the judgment of the district court is AFFIRMED.